**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS HOLLOWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:** |
| **vs.** | ) | |
| | ) | |
| **CANADIAN PACIFIC RAILWAY** | ) | |
| | ) | |
| | ) | **Jury Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, **DOUGLAS HOLLOWAY,** by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof, PC, and for his Complaint against the Defendant, Canadian Pacific Railway (hereinafter "**CP**") states unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. Count I of plaintiff's Complaint is based upon the Federal Employers Liability Act (FELA), 49 U.S.C. § 51 *et seq.* Count II is based upon Title VII of the Civil Rights Act of 1964, as amended based upon sex discrimination. CP is an employer who employs in excess of fifty (50) employees.

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 29 U.S.C. §1331, since these claims arise under federal statutory law.

3. Venue is proper in the Northern District of Illinois because the actions complained of occurred in this District, and the Defendant owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois.

4. On June 15, 2016, Plaintiff filed a Charge with the Equal Employment Opportunity

Commission located in Chicago, Illinois, Charge Number 440-2016-04480. The charge was filed within 300 days of the occurrence of the unlawful employment practices. The charges made included a violation of the Title VII of the Civil Rights Act of 1694, as amended, discrimination based on sex. (Attached as Exhibit A)

5. The EEOC issued a Notice of Right to Sue on charge number 440-2016-04480 on or about July 19, 2016 (Attached as Exhibit B). This claim is filed within ninety (90) days of receipt of said right to sue letter.

**PARTIES**

6. Plaintiff, Douglas Holloway, ("Holloway") resides at 62 Carl Croley Road, Williamsburg, KY 40769. Mr. Holloway is male.

7. Respondent Canadian Pacific Railway, ("CP") is a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The company does business as a common carrier by rail in Cook County and various other counties located in this district. The CP owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook and various other counties located in this district. The CP's principle place of business is located in Calgary, Canada.

8. Holloway began working for CP in July 2014, and at all relevant times, Holloway was working as an employee for CP as a conductor.

**FACTUAL BACKGROUND**

9. Holloway was a Conductor for CP at the CP's Bensenville yard, Franklin Park, County of Cook, State of Illinois.

10. On October 18, 2015, he was working within the yard with a crew on Assignment FL-

1.

11. Holloway and fellow co-worker Jade Schairer were riding in a utility vehicle called a Kubota. Ms. Schairer was driving the vehicle and Holloway was riding in the passenger seat.

12. The Kubota is used to travel to different points in the Bensenville yard.

13. On October 18, 2015, Ms. Schairer, while driving the Kubota, struck a switch stand in the yard. This collision caused Holloway, a passenger, to fly forward out of his seat and through the plexiglass windshield of the Kubota and on to the ground.

14. Prior to the collision, the Kubota's front windshield was in disrepair, in that, the windshield was attached to the frame with plastic zipties. CP was well aware of the condition of the front windshield but still placed it in service.

15. Holloway was not wearing a seatbelt, because there was no seatbelt in this Kubota for the passenger seat. Moreover, Train & Engine Safety Rule Book T-4; Vehicles Used for Company Business paragraph 4 states, "wear seat belt while operating or riding in motor vehicles equipped with them, unless engaged in inspections and traveling less than 15 mph (25 Km/h) on CP property." The Kubota occupied by Holloway and Ms. Schairer was traveling less than 15 mph.

16. After the collision, Holloway was taken to Elmhurst Memorial Hospital and diagnosed with neck pain and back pain. Holloway suffered a reportable injury and Ms. Schairer suffered a non-reportable injury.

17. On or about October 20, 2015, Holloway received a notice of investigation that stated Holloway was being placed out of service pending an investigation. Holloway was charged with, "failure to wear a seat belt while riding/operating the Kubota utility vehicle", and "failure to safely operate the Kubota utility vehicle when colliding with a switch stand."

18. Although the notice stated that Ms. Schairer was charged with "failure to wear a seat belt while riding/operating the Kubota utility vehicle", and "failure to safely operate the Kubota utility vehicle when colliding with a switch stand" she was not placed out of service pending the investigation and she was not required to attend the investigation.

19. An investigation was held on December 2, 2015. Ms. Schairer was not present at the investigation. Ms. Schairer was furloughed.

20. On December 11, 2015, Holloway received a letter from CP stating, findings from the investigation record contained substantial evidence proving he violated Train & Engine Safety Rule Book T-4 and he was dismissed from his employment with Canadian Pacific effective immediately.

21. Co-employee, Ms. Schairer, the driver of the Kubota which struck the switch stand was not discharged from her employment with CP, because she had a non-reportable injury and is female.

22. Holloway, who suffered a reportable injury and is male was charged with company violations he did not commit and was discharged from his employment.

**COUNT I**
**FELA**

1 - 22. Plaintiff adopts and reaffirms the allegations contained in paragraphs 1 - 22 of this complaint as paragraphs 1 - 22 of Count I.

23. On October 18, 2015, Holloway was engaged in the scope and course of his employment for Defendant CP.

24. On said date, he sustained injuries to his head, face, neck, shoulders, back and knees

as a result of the Kubota driven by fellow co-worker, Ms. Schairer, striking a switch stand while plaintiff was a passenger.

25. That the Defendant CP, by and through its agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*.,

a) In failing and neglecting to provide Plaintiff with a reasonably safe vehicle in which to travel in the yard.

b) In negligently assigning Plaintiff to be transported in an unsafe vehicle.

c) In negligently failing to inspect the vehicle used by its employees to travel in the yard.

d) That Defendant knew or should have known that the windshield of the Kubota was defective and unsafe, and endangered Plaintiff as a passenger.

e) In negligently assigning Plaintiff to be transported in a vehicle with no seat belt.

f) That Defendant knew or should have known that the Kubota was defective and unsafe, and endangered Plaintiff as a passenger because it had no seatbelt.

g) In negligently failing to warn Plaintiff.

h) In failing to adequately train its employees, including Ms. Schairer, to safely operate a Kubota.

i) In failing to supervise its employees, including Ms. Schairer, when operating a Kubota.

j) That Defendant through its agents, negligently operated the Kubota.

k) Other acts of negligence.

26. That by reason of one or more of the above negligent acts and omissions by Defendant CP, the Plaintiff sustained injuries to his head, face, neck, shoulders, back and knees.

27. That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain and disability in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

28. That by each and all of the facts herein alleged, Plaintiff, Holloway, has been damaged both specifically and generally.

29. By reason of the employment of the Plaintiff as a railroad employee of the Defendant, CP, at all times pertinent to this action, the Plaintiff is entitled to maintain this action against this Defendant under the provisions of the Federal Employers' Liability Act and supplemental statutes thereto.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant CP for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000), together with interest thereon, and for his costs and disbursements herein and for such other and further relief to which he may appear entitled.

## COUNT II

1 - 29. Plaintiff adopts and reaffirms the allegations contained in paragraphs 1 - 29 of Count I of this complaint as paragraphs 1 - 29 of Count II.

30. That on December 11, 2015, the defendant terminated the plaintiff's employment

based on his sex.

31. The plaintiff is a male.

32. Defendant's conduct in placing plaintiff out of service pending an investigation, holding an investigation and terminating the plaintiff's employment, and not placing Ms. Schairer out of service pending an investigation, not requiring Ms. Schairer to attend an investigation, and not terminating Ms. Schairer's employment was discriminatory and in violation of plaintiff's civil rights.

33. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, was intentional.

34. Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991.

35. That the aforesaid acts by the defendant have intentionally discriminated against plaintiff because of his sex by subjecting plaintiff to different terms and conditions of his employment than other employees.

36. Plaintiff, a male, was terminated from his employment for not wearing a seatbelt in the Kubota that was not equipped with seatbelts, while a female employee was not terminated from her employment when she struck a switch stand while driving the Kubota establishes a prima facie case of sex discrimination.

37. As a direct and proximate result of Defendant's violation of Title VII, plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness,

humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant CP for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000), together with interest thereon, and for his costs and disbursements herein and for such other and further relief to which he may appear entitled.

Respectfully Submitted,

By: /s/ John S. Bishof, Jr.
John S. Bishof, Jr.

Law Office of John Bishof, P.C.
101 N. Wacker Dr. Suite 200
Chicago, IL 60606
Ph:312-630-2048
Fax:312-630-2085
ARDC No: 213926